

FILED
DEC 3 0 2020
Clerk, U. S. District Court
Eastern District of Tennessee
At Greeneville

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 2:20-cr-114 |
| v. | ) |
| | ) JUDGE Corker/Wyrick |
| TAMMY LYNN HAWK | ) |

### INFORMATION

The United States Attorney charges the following:

### COUNT ONE
(Wire Fraud: 18 U.S.C. § 1343)

**A. Background**

1. At all times material to this information, TAMMY LYNN HAWK, was a resident of Bristol in the Eastern District of Tennessee and was a licensed affiliate broker. TAMMY LYNN HAWK received her real estate license from the Tennessee Real Estate Commission on or about November 13, 2007.

2. At all times material to this information, HomeSource Direct, LLC was a Florida Limited Liability Company. HomeSource Direct, LLC was owned and operated by TAMMY LYNN HAWK's spouse, who was and remains a resident of the State of Florida.

3. At all times material to this information, TAMMY LYNN HAWK maintained her license and employment as an affiliate broker with a principal broker located in Bristol, Tennessee.

4. As a licensed, affiliate broker, TAMMY LYNN HAWK owed certain duties to her customers, as mandated by the Tennessee Real Estate Commission. These duties included an obligation to deposit customer funds she received on account of real

estate transactions into her principal broker's escrow account and to avoid engaging in transactions in which she had or was acquiring a personal interest in subject properties without full disclosure to her customers.

5. By virtue of her position as a licensed, affiliate broker, TAMMY LYNN HAWK occupied a position of private trust with her real estate customers and used the special skills she had obtained through specialized education, training, and years of experience to garner her customers' trust and confidence.

**B. The Scheme**

From a presently unknown date in or about December 2015 and continuing through on or about June 30, 2019, the defendant, TAMMY LYNN HAWK, devised and intended to devise a scheme to defraud real estate customers and potential real estate investors and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

**C. Manner and Means**

1. It was part of the scheme that defendant, TAMMY LYNN HAWK, would misrepresent to real estate customers and potential real estate investors the true ownership status and sales prices of real properties for purchase and sale.

2. It was further part of the scheme that defendant, TAMMY LYNN HAWK, would communicate to potential real estate investors (usually current or prior customers) about the availability of parcels of real property that defendant could arrange to sell to the potential real estate investors, and, after purchase, could be resold to generate substantial gains.

3. It was further part of the scheme that defendant, TAMMY LYNN HAWK, would sometimes represent to potential real estate investors that she already had potential buyers secured to purchase the property at a higher price than the price the investor would pay.

4. It was further part of the scheme that defendant, TAMMY LYNN HAWK, would advise potential real estate investors that once they agreed to the transaction and paid her the amount needed to cover the purchase price, a company called Home Source Direct, LLC would purchase the property, sell it to the investor, and the investor could then sell the property to a buyer defendant already had secured or, if no buyer existed, could easily "flip" the property and realize substantial profits and gains.

5. It was further part of the scheme that defendant, TAMMY LYNN HAWK, would require potential real estate investors to provide her with substantial payments and would provide the potential real estate investors with sham contracts reflecting Home Source Direct, LLC as the seller of the property and the potential investor as the purchaser.

6. It was further part of the scheme that potential real estate investors would provide significant payments to defendant, thinking they were purchasing a specific parcel of real property, when, in truth and fact, neither defendant nor HomeSource Direct, LLC owned the property defendant was offering to sell and, on account of which, defendant was accepting investors' payments.

7. It was further part of the scheme that defendant, TAMMY LYNN HAWK, would steal and convert the potential real estate investors' payments to her own use and benefit by paying her own personal expenses or using the funds to repay prior victims of her swindle.

8. It was further part of the scheme that defendant, TAMMY LYNN HAWK, used interstate wire transmissions such as emails, wire transmissions between defendant and

3

HomeSource Direct, LLC in Florida, and online signing services located outside the state of Tennessee.

9. It was further part of the scheme that defendant, TAMMY LYNN HAWK, would make statements and take actions to hide and conceal the true nature of the scheme and to trick, deceive, and defraud potential real estate investors and Government agencies, including the Internal Revenue Service.

### D. Execution of the Scheme

On or about June 20, 2019, in the Eastern District of Tennessee and elsewhere, defendant, TAMMY LYNN HAWK, for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce a writing, sign, signal, and picture, that is an email from a Yahoo email account through Yahoo computer servers located outside the state of Tennessee to an attorney located in Bristol, Tennessee about the title for one of the properties in question.

All in violation of 18 U.S.C. § 1343.

### Wire Fraud Forfeiture Allegations

1. The allegation contained in Count One of this Information is hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18 United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offense in violation of Title 18, United States Code, Section 1343 set forth in this Information, the defendant, TAMMY LYNN HAWK, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited

4

Case 2:20-cr-00114-DCLC-CRW   Document 1   Filed 12/03/20   Page 4 of 9   PageID #: 4

includes, but is not limited to, the following: A personal money judgment in the amount of $307,550.00 in favor of the United States and against the defendant, TAMMY LYNN HAWK, which represents the proceeds the defendant personally derived from the offenses of Title 18, United States Code, Section 1343.

If any property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

## COUNT TWO
### (Aggravated Identity Theft: 18 U.S.C. § 1028A)

The allegations of Count One, above, are reincorporated as if set forth verbatim.

On or about May 10, 2019, in the Eastern District of Tennessee, defendant, TAMMY LYNN HAWK, during and in relation to the felony violation enumerated in Count One, above, that is, wire fraud in violation of 18 U.S.C. § 1343, did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, that is, the name of the actual person whose initials are S.M. affixed to a forged real estate sales agreement.

All in violation of 18 U.S.C. § 1028A.

5

## Aggravated Identity Theft Forfeiture Allegations

The allegations contained in Counts Two of this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2)(B) for violations of Title 18, United States Code, Section 1028A(a)(1).

Upon convictions of the offense in violation of Title 18, United States Code, Section 1028A(a)(1), the defendant, TAMMY LYNN HAWK, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(B) any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of any such violation including, but not limited to the following: A money judgment in the amount of $307,550.0.

If any of the property described above, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

6

## COUNT THREE
### (Money Laundering: 18 U.S.C. § 1956(a)(1)(A)(i))

On or about May 1, 2019, in the Eastern District of Tennessee, the defendant, TAMMY LYNN HAWK, did knowingly conduct and attempt to conduct a financial transaction, that is a share withdrawal of $35,000 from the Knoxville TVA Employees Credit Union, affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, wire fraud in violation of 18 U.S.C. § 1343, with the intent to promote the carrying on of specified unlawful activity, that is, wire fraud in violation of 18 U.S.C. § 1343, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

### Money Laundering Forfeiture Allegations

The allegations in Count Three of this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1) for violation of Title 18, United States Code, Section 1956(a).

Upon convictions of the offense in violation of Title 18, United States Code, Section 1956(a), the defendant, TAMMY LYNN HAWK, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1) any property, real or personal, involved in such offense, or any property traceable to such property, including, but not limited to the following: A money judgment in the amount of $307,550.00, representing the minimum amount of proceeds that defendant personally obtained as a result of the violation of Title 18, United States Code, Section 1956(a).

If any of the property described above, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

## COUNT FOUR
### (Making and Subscribing a False Tax Return: 26 U.S.C. § 7206(1))

On or about January 31, 2019, in the Eastern District of Tennessee and elsewhere, the defendant, TAMMY LYNN HAWK, did willfully make and subscribe an IRS Form 1040, U.S. Individual Income Tax Return for tax year 2017, which was verified by a written declaration that it was made under the penalties of perjury and which defendant, TAMMY LYNN HAWK, did not believe to be true and correct as to every material matter. That IRS Form 1040, U.S. Individual Income Tax Return for tax year 2017, which was electronically filed with the Director, Internal Revenue Service, stated that the defendant, TAMMY LYNN HAWK, had received taxable income of $58,037.00 in 2017, whereas, as she then and there knew, defendant's taxable income was grossly understated due to the sums she had received through the scheme described in Count One, above, resulting in a non-reported and unpaid Federal income tax obligation of $57,785.00.

All in violation of 26 U.S.C. § 7206(1).

J. DOUGLAS OVERBEY
UNITED STATES ATTORNEY

By: _____
Mac D. Heavener, III
Assistant United States Attorney