UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 2:20-CR-114 |
| vs. | ) | |
| TAMMY LYNN HAWK, | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Before the Court is Defendant's pro se Motion for Order to Schedule Payments while Incarcerated [Doc. 24] and the United States' Response [Doc. 26]. This matter is before the Court pursuant to 28 U.S.C. § 636(b) and the standing orders of the District Court for a Report and Recommendation. For the reasons stated herein, the undersigned **RECOMMENDS** that Defendant's Motion [Doc. 24] be **DENIED**.

**I.     BACKGROUND**

On April 23, 2021, the Court sentenced Defendant to a term of ten years imprisonment and ordered her to pay special assessments of $400, along with mandatory restitution of $658,838 to victims of Defendant's *Ponzi* scheme. [Doc. 22, p. 2, 6]. The Court did not set a payment schedule but rather made restitution payable in full at any time the government wishes to enforce the full amount. [Doc. 22, p. 8]. To fulfill her restitution obligation, Defendant makes monthly payments under the Bureau of Prison's ("BOP") Inmate Financial Responsibility Program ("IFRP"). [Doc. 26, p.2]; 28 C.F.R. § 545.11. Under this arrangement, Defendant's

monthly payment amount is calculated every six months. [Doc. 26, p. 3]. At that time, Defendant's income from all sources is totaled and from that total $75 per month is deducted, with this amount being designed to cover Defendant's routine expenses. *Id.* Additionally, all restitution payments made by Defendant over the prior six-month period are likewise deducted. *Id.* The remaining figure is then divided by six and that sum is what Defendant is to pay per month for the next six months toward restitution. *Id.* At Federal Prison Camp, Alderson in Summers County, West Virginia ("FPC Alderson"), where Defendant is incarcerated, inmates are required to pay a minimum of $25 per quarter toward restitution regardless of their total available resources. *See* FPC Alderson Inmate Handbook, 18 (available at https://www.bop.gov/locations/institutions/ald/ald_ao_eng_2108.pdf (last visited Oct. 13, 2022).

In the present motion, Defendant requests that the Court set her restitution obligation at the minimum $25 per quarter payment figure for the remainder of her sentence. [Doc. 24]. In support, Defendant states that any amount above $25 per quarter will cause financial hardship to herself and her family. *Id.* Defendant indicates that her family sends her money, but inflation and the rising cost of living have made it more difficult for them to do so. [Doc. 24-1]. Defendant further asserts that she earns only $69 per month working as a plumber at FPC Alderson. *Id.*

The United States argues in response that the Court should deny the Motion for procedural, substantive, and policy reasons. [Doc. 26, p. 4]. Regarding procedural defects in Defendant's Motion, the United States asserts that the Court lacks subject matter jurisdiction to direct the BOP to change Defendant's restitution payments. *Id.* Instead, the United States contends that Defendant should have exhausted institutional remedies within the BOP and then

filed a habeas petition under 18 U.S.C. § 2241 rather than filing a Motion with this Court. [Doc. 26, p. 4-5]. Further, the United States argues that the Motion lacks sufficient factual detail to justify relief, and Defendant's plea agreement bars the Motion because Defendant agreed that the BOP would establish a payment schedule rather than the Court. [Doc. 26, p. 6-7]. While Defendant's current income of $69 per month is not enough to cover both the $75 amount customarily set aside for routine expenses and the $25 minimum payment, the United States notes that Defendant's monthly income is expected to rise next month. [Doc. 26, p. 3]. Finally, the United States asserts that the BOP is in a better position to adjust Defendant's payment obligations than the Court. [Doc. 26, p. 7-8].

## II. ANALYSIS

The Court will first examine whether it has jurisdiction to consider Defendant's Motion. At the outset, it is important to distinguish between a challenge to the IFRP and a request for a modification of restitution payment under the Mandatory Victim Restitution Act (MVRA). Though Defendant participates in the IFRP and the United States' argument frames Defendant's Motion as challenging the IFRP, it appears that she is attempting to bring her Motion under the MVRA, which allows district courts to modify restitution payments. [Doc. 24 (citing *United States v. Dawkins*, 202 F.3d 711 (4th Cir. 2000) and requesting that the Court reconsider Defendant's financial resources)].

The Sixth Circuit has stated that federal district courts lack subject matter jurisdiction to manage defendants' restitution payments under the IFRP. *See United States v. Callan*, 96 F. App'x 299, 301 (6th Cir. 2004) (holding that "[t]he obstacle Callan must overcome on appeal, however, is the complete absence of any constitutional, statutory or decisional authority for the

proposition that a federal district court has the subject matter jurisdiction to micromanage the IFRP for the Bureau of Prisons."); *United States v. Allen*, No. CR 14-20191, 2021 WL 2102601, at *2 (E.D. Mich. May 25, 2021). The BOP manages payments through the IFRP when sentencing courts order restitution payments, a practice that the Sixth Circuit has upheld as constitutional. *Weinberger v. United States*, 268 F.3d 346, 360 (6th Cir. 2001); *Allen*, 2021 WL 2102601, at *2. Defendant has not provided any contrary law giving this Court the authority to decide her Motion under the IFRP, and the Court finds none.

The United States has further asserted that for Defendant to properly seek relief as to this issue, she would have been required to do so via a petition for writ of habeas corpus under 28 U.S.C. § 2241 instead of filing the present Motion. In making the argument the Government contends that a request to change restitution payments is actually a challenge to the way Defendant's sentence is being executed. Various courts have treated challenges to IFRPs as habeas claims. *Wisdom v. United States*, No. 14-20359, 2017 WL 3334036, at *5 (E.D. Mich. Aug. 3, 2017) (observing that "[c]ourts in this district have viewed challenges to the IFR[P] as writs of habeas corpus under § 2241."); *Price v. Marberry*, No. CIV. 04-CV-74953-DT, 2005 WL 1342956, at *2 (E.D. Mich. May 18, 2005) (holding that "petitioner's challenge to the IFRP payment schedule for the fines that were imposed in his federal criminal case concerns the execution of his sentence and is therefore correctly framed as a habeas claim") (cleaned up); *see also Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002). If Defendant were to challenge the IFRP as a habeas claim, jurisdiction in the Eastern District of Tennessee would be improper, because she is incarcerated in West Virginia. *Wisdom*, 2017 WL 3334036, at *5 (citing *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977)) (finding that "[a] petition for a writ

of habeas corpus under § 2241 is jurisdictionally proper in the district where her custodian is located").

Turning now to the issue of whether the Court has jurisdiction pursuant to the MVRA, the Court notes that the Act requires that defendants notify the court and Attorney General "of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution," and the court may then adjust the payment schedule, as the interests of justice require. 18 U.S.C. § 3664(k). A defendant bears the burden of demonstrating a material change in economic circumstances that would warrant a modification. *Compare United States v. Hill*, 205 F.3d 1342, at *1 (6th Cir. 1999) (affirming denial of motion to defer restitution payment when defendant "did not attach any proof regarding his financial status or current income to the motion"), *with United States v. Townsend*, No. 2:09-CR-00118, 2014 WL 1884229, at *2 (S.D. Ohio May 9, 2014) (holding that "Defendant has demonstrated a change in his circumstances— that is, the birth of his son—that is material…").

The Sixth Circuit has previously held it is appropriate for incarcerated defendants to pay restitution through the IFRP. *United States v. Webb*, 30 F.3d 687, 690-91 (6th Cir. 1994) (citing 28 C.F.R. § 545.10; *United States v. Williams*, 996 F.2d 231, 233-34 (10$^t$h Cir. 1993)). Moreover, even if Defendant invokes the MVRA, the MVRA permits courts to "order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." 18 U.S.C. § 3663(a)(3). Defendant's plea agreement contained a specific agreement regarding the amount and method of repayment of restitution, including an agreement that if Defendant was unable to pay the full amount of restitution immediately and was placed in custody, the Bureau of Prisons would have the authority to establish a schedule to ensure the payment of restitution. [Doc. 3, ¶ 12].

In the present Motion, Defendant asserts that any restitution payment above $25 per quarter will cause her and her family financial hardship. Defendant cites inflation as a change in circumstances rendering it difficult for her family to send her money. However, she fails to provide any specifics beyond this bald assertion. As such, even if the Court were to find it had jurisdiction to address this matter under the MVRA, the Court must find that Defendant has failed to meet her burden of demonstrating that a modification of her restitution payments is warranted.

The Court further notes the United States' argument that Defendant failed to exhaust her administrative remedies before moving this Court to change her restitution payments. In *Davis v. Keohane*, the Sixth Circuit pronounced that "where available administrative remedies are as likely as the judicial remedy to provide the desired relief, a district court should dismiss the suit for failure to first exhaust administrative remedies rather than address the merits of the claim." 835 F.2d 1147, 1148 (6th Cir. 1987). The Court reasoned that federal courts should exercise judicial restraint when deciding matters which prison administrators are better suited to resolve. *Id.* The Sixth Circuit has since applied the administrative exhaustion requirement to suits involving prison financial plan programs. *See Cooper v. United States*, 856 F.2d 193 (6th Cir. 1988). However, the administrative exhaustion requirement may be waived if administrative remedies would be futile. *Manakee Pro. Med. Transfer Serv., Inc. v. Shalala*, 71 F.3d 574, 581 (6th Cir. 1995) (internal citations omitted); *Medcalf v. Dewalt*, No. CIV.A. 07-CV-193-JBC, 2008 WL 906475, *2 (E.D. Ky. Apr. 1, 2008) (ruling that "the Court exercises its discretion to waive this requirement to avoid a wholly unnecessary delay in the consideration of the petition on the merits.").

Here, Defendant has offered no argument as to why it would be futile to work with staff at FPC Alderson to alter her monthly payments. The FPC Alderson Handbook states that unit staff assesses each inmate's IFRP and creates a plan based on his or her resources. FPC Alderson Inmate Handbook at 18. Additionally, as referenced above, Defendant agreed in her plea agreement that the BOP and Probation Office would establish the payment schedule for her restitution payments. [Doc. 26, p. 7]. Defendant has offered no reason as to why this Court would be better positioned to address the restitution payment plan than BOP staff. In keeping with the Sixth Circuit policy of judicial restraint in cases involving prison administration, the Court further finds that Defendant should have exhausted her administrative remedies before filing her Motion in this case.

### III. CONCLUSION

For the reasons outlined above, the undersigned RECOMMENDS that Defendant's Motion for Order to Schedule Payments while Incarcerated [Doc. 24] be **DENIED** because the Court does not have jurisdiction to address her claim. Alternatively, should the district court determine jurisdiction is proper, the undersigned RECOMMENDS the Defendant's Motion be **DENIED** because she has failed to demonstrate that she is entitled to relief.[1]

SO ORDERED:

/s Cynthia Richardson Wyrick
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within **fourteen (14) days** after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).