UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA,
    Plaintiff,

 v.

TAMMY LYNN HAWK,
    Defendant.

No. 2:20-cr-114

Judge Corker

## RESPONSE TO § 3582(c)(2) MOTION

Hawk seeks a lesser sentence in light of Guideline Amendment 821, Part A. (Doc. 30, Motion; Doc. 32, Supplement.) The United States responds within the time specified by Standing Order 24-05. The Court has discretion to reduce Hawk's term of imprisonment, subject to the limits of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, and the United States defers to the Court's discretion whether and to what extent to grant a reduction.

### Legal Background

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *accord Dillon v. United States*, 560 U.S. 817, 824 (2010). But a court may reduce a term of imprisonment, consistent with U.S.S.G. § 1B1.10, where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" via a retroactively applicable amendment, such as Part A of Amendment 821. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(d); *see also Hughes v. United States*, 584 U.S. 675, 687 (2018) (holding that even a sentence imposed pursuant to a Rule 11(c)(1)(C) agreement is, "in the usual case," based on a guideline range). That provision modifies the application of "status points," *i.e.*, extra criminal history points for defendants who committed their offense(s) while under any criminal justice sentence. It eliminates status points

for any defendant with six or fewer criminal history points and applies one point, instead of two, for those with seven or more criminal history points. *See* U.S.S.G. § 4A1.1(e).

When determining whether to grant a sentence reduction under § 3582(c)(2), a court must first "determine the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing," then "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized is warranted in whole or in part under the particular circumstances of the case." *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). Aside from applying the relevant part of Amendment 821, the Court "shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1); *see also id*. § 1B1.10(a)(3) ("proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing"). As relevant here, the Court may not reduce the sentence below the amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A), (B). "In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C). Finally, "the decision whether and to what extent to grant an authorized sentence reduction is discretionary," not automatic. *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010).

## Relevant Facts

Hawk, a real estate agent, devised and executed a *Ponzi*-type property-flipping scheme in which she defrauded investors by misrepresenting the ownership status and prices of real estate and used the fraudulent proceeds for personal expenses or to repay prior victims. (Doc. 3, Plea Agreement at ¶ 4.) She also used interstate wire transmissions, forged another individual's name on a purchase/sale agreement, laundered the scheme's proceeds, and either filed false tax returns, omitting the money she obtained from her scheme, or declined to file tax returns. (*Id*.)

2

In 2020, Hawk negotiated a Rule 11(c)(1)(C) plea agreement under which she would plead guilty to four offenses—wire fraud, aggravated identity theft, money laundering, and filing a false tax return—and be sentenced to an aggregate term of 120 months in prison, followed by three years of supervised release. (*Id.* at ¶¶ 1, 6.) Her prior conviction yielded one criminal history point, and she received two status points for committing the instant offenses while on state probation, resulting in a total of three criminal history points. (Doc. 11, Sealed Presentence Report at ¶¶ 78-80.) The Court calculated the advisory guideline range as 111 to 132 months' imprisonment—based on a total offense level of 28 and criminal history category of II, plus the 24-month statutorily mandated consecutive term for aggravated identity theft— then accepted the parties' agreement and sentenced Hawk to 120 months in prison. (Doc. 22, Judgment (also ordering Hawk to repay $658,838 in restitution); Doc. 23, Sealed Statement of Reasons.) Hawk is expected to complete that sentence in October 2028. Federal Bureau of Prisons, Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (accessed Jan. 17, 2025).

While in custody, Hawk has completed the nonresidential drug abuse treatment program, plus other programming, and has incurred no disciplinary sanctions; she has been trained as a firefighter, is currently participating in a plumbing apprenticeship program, and has repaid nearly $1,300 in restitution. (*See generally* Doc. 32, Motion at 5-7; Doc. 32-1, Exhibits.)

**Analysis**

Under Amendment 821, Hawk now has just one criminal history point (*i.e.*, no status points), a criminal history category of I, and an effective amended guideline range of 102 to 121 months (*i.e.*, 78 to 97 months, plus the consecutive 24-month term). She asks this Court to grant the maximum possible reduction and reduce her sentence to 102 months in prison in light of her rehabilitative efforts (Doc. 32, Motion at 1, 8), and the Court has authority to grant that request.

The Court could also reasonably elect not to reduce Hawk's sentence at all, or to grant a lesser reduction than she requests. U.S.S.G. § 1B1.10, cmt. n.1(B)(iii); *see also id.*, bkg'd ("[t]he authorization of . . . a discretionary reduction does not . . . affect the lawfulness of a previously imposed sentence . . . and does not entitle a defendant to a reduced term of imprisonment as a matter of right"). Hawk previously negotiated a sentence near the middle of the guideline range applicable to her, and a sentence comparably within the amended guideline range would yield a sentence of 110 months' imprisonment. Additionally, Hawk's existing sentence still falls within the amended guideline range.

Because crime victims have the right to notice of, and the right to be "reasonably heard" in, any public court proceeding "involving release [or] sentencing," 18 U.S.C. § 3771(a)(2), (4), the United States notified Hawk's victims about her request for a sentence reduction. To date, none of those victims have elected to submit any statement for the Court's consideration.

**Conclusion**

In the end, the United States defers to the Court's discretion whether and to what extent to reduce Hawk's term of imprisonment in light of Amendment 821.

    Respectfully submitted,

    Francis M. Hamilton III
    United States Attorney

By:   *s/ Mac D. Heavener, III*
    MAC D. HEAVENER, III,
    Assistant United States Attorney
    FL Bar#0896748
    220 West Depot Street
    Greeneville, TN 37743
    423/639-6759
    Mac.Heavener@usdoj.gov